Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Robert Galicia–Pena ("Galicia") appeals following his conviction in a bench trial for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Galicia argues that the district court committed reversible plain error by increasing the maximum authorized Guidelines sentence based on facts neither admitted nor found by a jury, and by imposing a sentence under a mandatory Guidelines scheme. Galicia correctly concedes that he cannot carry his burden of showing that the district court's error affected his substantial rights. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733–34 (5th Cir. 2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556); *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

Galicia also argues that because his indictment did not allege a prior felony conviction, he was subject to a maximum sentence of two years under U.S.C. § 1326(a). He correctly acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C. § 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ramon PINA–LABRADA,
Defendant–Appellant.**

No. 05–50018.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Ramon Pina–Labrada raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction is a sentencing factor under 8 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b)(2) and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Gerardo RAMOS–GARCIA, Defendant–Appellant.

Nos. 05–50037, 05–50095. Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

In this consolidated appeal, Jose Gerardo Ramos–Garcia appeals only from his guilty-plea conviction for knowingly making a false statement on a resident alien application (No. 05–50095); Ramos–Garcia abandons any challenge with respect to the revocation of his supervised release relating to his prior illegal reentry conviction (No. 05–50037).

Ramos–Garcia contends that his sentence is invalid in light of *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the sentencing judge applied the sentencing guidelines as if they were mandatory. We review for plain error. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). To prevail under a plain error analysis, Ramos–Garcia must show, among other things, that the error prejudiced him by adversely affecting his substantial rights. *Id.* at 733.

Ramos–Garcia fails to establish that he would have received a lower sentence had the district court applied the sentencing guidelines as advisory rather than mandatory. *See id.* at 733–34. He thus fails to establish prejudice to his substantial rights. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.